## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALLSTATE INSURANCE COMPANY,

        Plaintiff/Counterdefendant,

v.                              No. 04-CV-1285 MCA/WPL

FORD MOTOR CREDIT COMPANY,

        Defendant/Counterclaimant.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY, TO ORDER *IN CAMERA* REVIEW OF ALLEGEDLY PRIVILEGED DOCUMENTS, AND FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES

In this case, Allstate Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify Ford Motor Credit Company (FMCC) from claims asserted against FMCC in a wrongful death case filed in state court, and that Allstate is entitled to the return of certain money that it paid in error to FMCC. FMCC filed an Answer and a Counterclaim against Allstate for bad faith. Dissatisfied with the discovery responses that it received from Allstate, FMCC filed a Motion to Compel Discovery, To Order *In Camera* Review of Allegedly Privileged Documents, and For Leave to Propound Additional Interrogatories [docket no. 48]. I will address each discovery issue separately.

### FACTS

In October of 1999, FMCC leased two Ford pickups, including a Ford F-250, to Marquez Surveying Co., Inc.  Marquez Surveying purchased a Business Insurance Policy from Allstate Insurance Company that covered the Ford F-250. A Lessor-Additional Insured and Loss Payee policy

endorsement identified FMCC as an additional insured under the policy.

Marquez Surveying subsequently became delinquent in its lease payments. FMCC notified Marquez Surveying that it was terminating the lease and sought to recover the leased vehicles through repossession. FMCC contracted with Great Western Recovery to repossess the vehicle. On August 9, 2002, Carl Coffman attempted to repossess the Ford F-250. While driving the vehicle on the business premises of Marquez Surveying, Coffman struck and killed John Marquez. The parties dispute whether Coffman was acting as an agent of FMCC at the time of the repossession, and have filed summary judgment motions that address this issue. The Personal Representative of the Estate of John Marquez filed a wrongful death lawsuit in the Thirteenth Judicial District Court against FMCC, Great Western Recovery, and others.

On January 15, 2004, FMCC made written demand on Allstate to pay for the loss of the Ford F-250 because the Bernalillo County Sheriff's Office seized the truck for use as evidence in a criminal prosecution of Coffman and refused to return the vehicle to FMCC. After investigating this demand, Allstate paid FMCC for the value of the truck.

On August 11, 2004, FMCC made demand on Allstate to defend FMCC in the wrongful death lawsuit and requested indemnity under the policy that covered the Ford F-250. On October 6, 2004, Allstate refused to provide coverage to FMCC under the policy and refused to provide a defense to or to indemnify FMCC.

On November 12, 2004, Allstate filed the present case, seeking a declaratory judgment that Allstate had no duty to defend or indemnify FMCC for the claims asserted in the state court wrongful death lawsuit, and seeking return of the sum Allstate claims it paid in error to FMCC for FMCC's loss of use of the vehicle. On November 18, 2004, FMCC settled the wrongful death lawsuit and on

December 6, 2004, filed its Answer and Counterclaim for bad faith against Allstate.

### DISCOVERY ISSUES

*Interrogatory No. 2 and Request for Production No. 1:* These discovery requests seek information concerning and production of Allstate's underwriting files or records concerning the policy sold to Marquez Surveying. While I will require that Allstate identify the custodian of the underwriting file, I will not order that the underwriting file be produced because I find that it is not relevant to the coverage dispute or bad faith claim.

*Interrogatory No. 3 and Request for Production No. 2:* These discovery requests seek information concerning and production of Allstate's claim files or records concerning the policy. Allstate has produced the claims file except for documents that it claims are protected by the attorney-client or work-product privileges, and has identified Susan Cary as the adjuster responsible for maintaining the claims file. However, Allstate has failed to identify any electronic files, dummy files or desk files that it maintains, and has failed to offer any substantial justification for failing to do so. Allstate shall supplement its answers and response to these discovery requests by September 26, 2005.

*Interrogatory No. 4(C) and Request for Production No. 3:* Allstate has agreed to produce the requested documents, and shall produce them to FMCC by September 26, 2005.

*Interrogatory No. 5 and Request for Production No. 4:* These discovery requests seek information about Allstate's activities after receiving FMCC's January 15, 2004 demand for coverage for FMCC's loss of possession of the truck, and inquire about the "structural framework" surrounding the attorney-client relationship with coverage counsel and the opinion given by coverage counsel.

3

Allstate shall provide the information requested by FMCC in Interrogatory No. 5 (A) - (D). Allstate has failed to offer any substantial justification for failing to answer Interrogatory No. 5 (A). The fact that an attorney-client relationship exists, and the scope and nature of the relationship, is not privileged. *Humphreys, Hutcheson and Moseley v. Donovan,* 755 F.2d 1211, 1219 (6th Cir. 1985); *Condon v. Petacque*, 90 F.R.D. 53, 54 (N.D. Ill. 1981). The attorney-client privilege does not preclude discovery of the instructions given by Allstate to its attorney. *Schein v. N. Rio Arriba Elec. Coop.*, 932 P.2d 490, 495 (N.M. 1997). The date that counsel provided his or her opinion is likewise not privileged. *Condon*, 90 F.R.D. at 54.

FMCC is not entitled to discover the opinion provided to Allstate by its coverage counsel. FMCC has failed to cite any New Mexico authority for the proposition that there is a blanket waiver of attorney-client or work-product privilege in bad faith insurance cases. While both parties have cited an array of out-of-state cases concerning this issue, neither party has cited *Pub. Serv. Co. v. Lyons*, 10 P.3d 166 (N.M. Ct. App. 2000), a decision by the New Mexico Court of Appeals that sheds the most light on this issue. In *Lyons*, the Court considered whether Public Service Company had waived attorney-client privilege by affirmatively pleading fraudulent concealment, equitable tolling and equitable estoppel in its Amended Complaint. *Id* at 168. The Court recognized that New Mexico's approach to attorney-client privilege is a special product of state law jurisprudence, and concluded that New Mexico courts should not engage in the type of ad hoc judicial waiver of attorney-client privilege analysis that courts that are free to apply the common law may do. *Id.* at 170-71. The Court discussed the three categories of cases that have addressed waiver of attorney-client in at-issue cases, and adopted the minority view that recognizes waiver of attorney-client privilege only when a party seeks to limit its liability by describing its attorney's advice and asserting that he relied on that advice.

*Id.* at 171-73. Under New Mexico law, a party will be deemed to have waived its attorney-client privilege only when the party offensively uses or will make direct use of the privileged materials. *Id.* at 173. The Court recognized that it was adopting a restrictive approach, but found it "consistent with the long-held view that the attorney-client privilege should act as a shield and not a sword." *Id.* at 174. Because Allstate is not asserting an advice-of-counsel defense to FMCC's bad faith claim and will not otherwise attempt to introduce the privileged materials into evidence, FMCC is not entitled to discover the opinion provided by coverage counsel to Allstate.

Finally, Allstate must supplement its answer to Interrogatory No. 5 (F). FMCC is not required to attempt to decipher the codes and abbreviations that appear in the claims file.

*Interrogatory No. 6 and Request for Production No. 5:* Allstate has agreed to produce the requested documents, and shall produce them to FMCC by September 26, 2005.

*Interrogatory No. 7 and Request for Production No. 6:* Interrogatory No. 7 inquires whether Allstate, or anyone on its behalf, conducted a review between February 17, 2004 and August 11, 2004 of Allstate's decision to pay FMCC for FMCC's loss of the truck. Allstate clarified its response to this interrogatory to specify that no non-lawyer performed any review, but claims attorney-client privilege to any further answer to this interrogatory. While the result of such review may be privileged, the fact that a lawyer performed such review would not be. *Donovan*, 755 F.2d at 1219. Allstate shall supplement its answer to this interrogatory.

*Interrogatory No. 8 and Request for Production No. 7:* On August 11, 2004 FMCC demanded a defense and coverage under the policy from Allstate. These discovery requests seek information about this topic similar to that requested in *Interrogatory No. 5 and Request for Production No. 4*. My rulings set out above resolve this discovery dispute. Allstate shall provide the

information requested by FMCC in Interrogatory No. 8 (A) - (D) and (F).

*Interrogatory No. 9(A):* This interrogatory asks Allstate to identify everyone who participated in the investigation that led Allstate to deny a defense or indemnity to FMCC in the state court wrongful death lawsuit. Because FMCC is not required to attempt to decipher the codes and abbreviations that appear in the claims file, Allstate must supplement its answer to this interrogatory.

*Interrogatory No. 14:* This interrogatory seeks information about other coverage disputes that involved interpretation of paragraph A (2) of the Lessor-Additional Insured and Loss Payee endorsement. This interrogatory is overbroad because it inquires about disputes that have no factual similarity to the case at issue and because the time period requested is unreasonable. I will order Allstate to provide information about coverage disputes that involved similar factual circumstances (*i.e.*, repossession of a vehicle listed as insured under the policy) for the five years preceding August 9, 2002.

*Interrogatory No. 15 and Request for Production No. 11:* These discovery requests seek information concerning and production of any writings in the possession of Allstate that were disseminated by ISO which explain or interpret the endorsement at issue in this case. I find that these writings are relevant to Allstate's denial of coverage and FMCC's bad faith counterclaim and will order that Allstate respond to this interrogatory and request to produce.

*Interrogatory No. 16 and Request for Production No. 12:* These discovery requests seek information concerning and production of any Allstate claims manuals or interpretive material that explains, interprets or provides guidance to Allstate claims representatives concerning the endorsement at issue in this case. These materials are also relevant to Allstate's denial of coverage and FMCC's bad faith counterclaim and I order that Allstate respond to this interrogatory and request

to produce.

*Interrogatory No. 17:* Allstate has agreed to produce the claims manuals consulted by the Albuquerque Market Claims Office relating to the Lessor-Additional Insured and Loss Payee endorsement, and shall produce them to FMCC by September 26, 2005.

### *MOTION FOR IN CAMERA REVIEW AND FOR*
### *LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES*

Because the attorney-client privilege does not preclude discovery of the instructions given by Allstate to its attorney, Allstate shall produce the instructions and facts disclosed to its coverage attorney when requesting an opinion on coverage. Other than disclosure of that information, FMCC's Motion for *In Camera* Review is denied. FMCC's Motion for Leave to Propound Additional Interrogatories is granted.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          7